UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2011 NOV -4  P 3: 29

U.S. DISTRICT COURT
NEW HAVEN, CT

FREDDIE GONZALEZ,

v.   NO. 3:10cv1322 (EBB)

UNITED STATES OF AMERICA

RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Petitioner, Freddie Gonzalez ("Gonzalez"), moves, *pro se*, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. He attacks his 2007 sentence for conspiracy to distribute crack cocaine and possession of a firearm by a convicted felon on three grounds. First, he asserts that the law under which he was sentenced is unconstitutional because of the disparity between sentences imposed for offenses involving crack cocaine and sentences imposed for offenses involving equivalent quantities of powder cocaine. Second, he asserts that his defense counsel was ineffective in failing to challenge the evidence presented by the government at the sentencing hearing relating to the quantity of cocaine attributed to him. Third, he says the Court violated his Sixth Amendment rights by determining drug quantity at sentencing rather than having that fact determined by a jury beyond a reasonable doubt.[1]

In opposition, the government moves to dismiss Gonzalez's petition on the grounds that he validly waived his right to collaterally attack his conviction and sentence. For the following reasons, the government's motion [doc. #8] is granted and Gonzalez's petition [doc. #1] is dismissed.[2]

---

[1] Gonzalez's petition originally asserted only two grounds for relief. On March 28, 2011, he was granted leave to amend his petition to assert an additional claim.

[2] Although the Court dismisses as waived Gonzalez's claim that the crack cocaine statute is unconstitutional because of the sentencing disparity for crimes involving crack as opposed to powder cocaine, the Court notes that, by virtue of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"), Congress amended § 841(b)(1)(B) to reduce the ratio between

## BACKGROUND

In his plea agreement and during his plea colloquy with the Court, Gonzalez acknowledged that he agreed not to appeal or collaterally attack his conviction or the sentence imposed by the Court as long as the sentence did not exceed 293 months. Specifically, the waiver provision in his plea agreement provided, in part: "[i]t is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 293 months, even if the Court imposes such a sentence based on an analysis different from that specified [herein]. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights." Gonzalez certified that he had read the plea agreement and its attachments, had time to discuss it with counsel and fully understood and accepted its terms. Thereafter, during his plea colloquy, the Court extensively questioned Gonzalez to ensure that he understood that he was waiving important post-conviction rights to challenge his sentence on appeal or otherwise and that he had received advice of counsel in doing so. In response, Gonzalez assured the Court that he did.

On February 9, 2007, the court sentenced Gonzalez to 235 months' imprisonment, followed by four years supervised release on the drug count and to 120-months' imprisonment

---

power and crack cocaine that triggered application of a statutory mandatory minimum term of imprisonment. The ratio, which had been 100 to 1 was reduced to 18 to 1. Although the revised mandatory minimum sentences of the FSA are not retroactive to crimes committed before its enactment, on August 3, 2010, Congress directed the United States Sentencing Commission ("Commission") to promulgate new sentencing guidelines reflecting the statutory amendments. On June 30, 2011, the Commission announced that new sentencing guidelines, as set forth in the drug quantity tables at U.S.S.G. § 2D1.1, would be applied retroactively to defendants who were sentenced prior to the enactment of the FSA. Accordingly, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 of the Sentencing Guidelines, the Court reduced Gonzalez's previously imposed sentence to 130 months imprisonment.

and three years supervised release on his conviction of possession of a firearm by a convicted felon. The sentences were to run concurrently. The total sentence he received, 235 months, did not exceed the 293-months cap set forth in the plea agreement thereby making effective Gonzalez's waiver of his rights to file a direct appeal and collaterally attack his sentence.

On July 18, 2008, the Court granted Gonzalez's motion to reduce his sentence pursuant to the retroactive application of Amendment 706 to the United States Sentencing Guidelines which reduced by two levels the guidelines' drug quantity tables for crack cocaine. Accordingly, Gonzalez's sentence for his crack cocaine conviction was reduced from 235 months imprisonment to 188 months. His 120-month concurrent sentence on the gun charge was not affected.

On appeal of his sentence, the Second Circuit ruled that Gonzalez had not demonstrated that the waiver of his appellate rights was unenforceable and dismissed his appeal. Gonzalez then filed the instant habeas petition.

## DISCUSSION

In this collateral attack on his sentence Gonzalez raises three claims: (1) that the statute of his conviction is unconstitutional; (2) that his counsel was ineffective at sentencing in failing to challenge the government's evidence relating to the quantity of crack cocaine attributed to him; and (3) that the Court violated his Sixth Amendment rights by determining the drug quantity attributed to him. The government maintains that all of his claims are covered by the waiver provision of his plea agreement and thus this petition should be dismissed. The Court agrees.

I.   <u>The Waiver Provision at Issue is Enforceable</u>

It is well settled that a defendant may waive both his right to appeal and/or collaterally attack his conviction. <u>Garcia-Santos v. United States</u>, 273 F.3d 506, 509 (2d Cir. 2001). As a

general rule, when such waivers are coupled with an agreed-upon guideline range they may not be avoided so long as they were knowingly and voluntarily made and the government has not breached the agreement. United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999). There are additional limited circumstances justifying their non-enforcement – *i.e.*, when a sentence is based on constitutionally impermissible factors such as ethnic, racial or other prohibited bases, when a sentencing court fails to enunciate any reasons for the sentence, or when the defendant received ineffective assistance of counsel in entering the plea agreement – but none of those circumstances are present in this case. See United States v. Hernandez, 242 F.3d 110, 113-114 (2d Cir. 2001); United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

As the Second Circuit has long recognized, "in no circumstances . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal [or collaterally attack] a certain sentence, then appeal [or collaterally attack] the merits of a sentence confirming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).

The waiver provision that Gonzalez signed and acknowledged is enforceable. United States v. Gonzalez, 07-3491-cr(L), 08-4345-cr(Con), Order (2d Cir. Oct. 29, 2009), *issued as mandate in* United States v. Gonzalez, 3:06cr18(EBB) (D. Conn. Dec. 9, 2009). As the record shows, in his plea agreement Gonzalez knowingly and voluntarily waived his right to appeal and collaterally attack his conviction and sentence. He was advised of and acknowledged that waiver on two occasions: first, when he signed the plea agreement and second, at his plea hearing when the Court extensively questioned him about it to ensure that he fully understood what he was waiving and that he was doing so voluntarily. Indeed, Gonzalez does not claim otherwise, but

even if he did, his claim would not be plausible under the circumstances of this case..

II.   The Waiver Bars All of Gonzalez's Claims

All three of Gonzalez's claims in this action are foreclosed by the provision in his plea agreement that waives his right to collaterally attack his sentence. This is so even though he couches his claims as constitutional violations.

A habeas petitioner such as Gonzalez may not avoid the effect of his waiver by "dressing up" the challenges to his sentence in constitutional terms. Yet that is just what Gonzalez has attempted to do here. His claims (1) that he received ineffective assistance of counsel at sentencing, (2) that the Court violated his Sixth Amendment right to a jury trial at sentencing by determining drug quantity and (3) that the statute of his conviction is unconstitutional, are nothing more that challenges to the merits of his sentence. As such, they are foreclosed by the waiver provision of his plea agreement. Garcia-Santos, 273 F.3d at 509 (enforcing waiver in habeas petition claiming ineffective assistance of counsel at sentencing); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (holding that a habeas petitioner may not avoid the effect of his waiver of collateral rights by dressing up his sentencing challenges as purported constitutional violations); United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1998) (upholding waiver in case where defendant claimed his sentence was illegal under sentencing guidelines).

Gonzalez knowingly and voluntarily waived his right to collaterally attack his sentence, he received a sentence far lower than the 293-month threshold thereby making it effective, the government did not breach the agreement, and Gonzalez has not raised any claim that is not covered by the waiver. As such, his petition under 28 U.S.C. § 2255 shall be dismissed.

CONCLUSION

For the foregoing reasons, the government's motion to dismiss the petition [doc. #8] is

GRANTED. The motion of the petitioner, Freddie Gonzalez, under 28 U.S.C. § 2255 to vacate, set aside or correct sentence [doc. #1] is DISMISSED. A certificate of appealability will not issue as Gonzalez has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Clerk is directed to close this case.

SO ORDERED.

/S/ Ellen Bree Burns SUSDJ
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2011 at New Haven, Connecticut.